IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARY HAMILTON,

        Plaintiff,

v.

STACIE ANDRITSCH[1] and
ST. JOSEPH'S WHEATON
FRANCISCAN HOSPITAL,

        Defendants.

Case No. 16-cv-135-pp

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING THE COMPLAINT, AND ORDERING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On February 8, 2016, plaintiff Mary Hamilton, representing herself, filed a civil complaint alleging that defendants Stacie Andritsch and St. Joseph's Wheaton Franciscan Hospital discriminated against her in violation of her constitutional rights. Dkt. No. 1. She also filed a motion asking the court to waive the filing fee. Dkt. No. 2. This order addresses the motion, screens the plaintiff's complaint, and requires the plaintiff to file an amended complaint.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing her assets, indicating that

---

[1] When the plaintiff submitted the complaint, the clerk's office indicated that St. Joseph's Wheaton Franciscan Hospital was the defendant in this case. On page two of the complaint, the plaintiff indicates that she also is suing Stacie Andritsch. The court will add defendant Andritsch to the case going forward.

1

she is unable to pay the fees, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a). The second prong of the fee waiver analysis requires the court to consider whether the plaintiff's claim appears to be frivolous. 28 U.S.C. §1915(e)(2)(B)(i). A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993). A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder if it finds that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

The plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee indicates that she is employed and is not married. Dkt. No. 2 at 1. She receives $2,600 in monthly wages from Rogers Memorial Hospital. Id. at 2. For two and a half months, she received $370 in unemployment benefits. Id. She does not indicate whether the unemployment benefits will continue going forward. Because she indicates that she is employed, the court will not include the past unemployment benefits in its review of her ability to pay the filing fee in this case.

The plaintiff's monthly expenses include a $1,084 mortgage payment, a $536 car payment, $25 a month in credit card payments, and about $500 a month for utilities, groceries, and a cell phone bill. This totals approximately $2,145 in monthly expenses. The application then asks, "Do you have any other *monthly* expenses that you have not already listed?" Id. at 3 (emphasis in

2

original). The plaintiff indicates that she has monthly medical bills but she does not know the exact amount. Id.

The plaintiff owns a 2011 Dodge Charger worth $29,000. Id. She also owns her home. The home has an assessed value of $118,000, and the plaintiff holds about $150 in equity in her home. Finally, she has a bank account worth $100. Id. In the "other circumstances" portion of the application, she states, "My House maybe [sic] up for foreclosure—Because of this tragedy that took place." Id. at 4.

In short, the plaintiff's affidavit shows that she has monthly income of $2,600 and monthly expenses of $2,145, leaving a surplus of $455. The information contained in the plaintiff's affidavit, signed under the penalty of perjury, demonstrates that she has enough money left over to be able to pay the full filing fee, and thus the court does not need to determine whether the plaintiff's lawsuit is frivolous. The court will not grant the plaintiff's request to proceed *in forma pauperis*. The court will require the plaintiff to pay the filing fee in full, but in two installments. It will provide due dates below.

### **SCREENING OF THE PLAINTIFF'S COMPLAINT**

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

3

Case 2:16-cv-00135-PP   Filed 02/12/16   Page 3 of 7   Document 4

(1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

The complaint states that the plaintiff worked at Wheaton Franciscan Hospital for two and a half months; she does not provide the exact dates of her employment. Dkt. No. 1 at 2. She alleges that the hospital informed her that it had begun an investigation regarding allegations that on June 2, 2015 around noon, she had slept while on duty. Id. After the investigation began, the plaintiff alleges, she worked a 7:00 P.M. to 7:00 A.M. shift. Id. During that

4

shift, the plaintiff experienced some problems with "the nurse." Id. at 2-4. She alleges that the nurse "lied" about the plaintiff sleeping on duty, and about how the plaintiff handled a patient who "was picking her tube the whole time." Id. The plaintiff claims that this resulted in the hospital firing the plaintiff.

The complaint does not indicate which federal law the plaintiff believes the defendants violated. There are federal laws that prohibit employers from committing various kinds of employment discrimination; in order for the court to figure out whether the plaintiff states a claim under any of those laws, it needs to know from the plaintiff whether she believes that the defendants discriminated against her, and if so, what she thinks is the reason they discriminated against her. At this point, the court cannot tell that from the complaint.

In addition, several federal employment discrimination laws require that, before a plaintiff files a lawsuit in federal court, she must first file a claim with the Equal Employment Opportunity Commission (the "EEOC"). If a person files an EEOC complaint, and the EEOC decides not to take action on that person's behalf, the EEOC gives the person a Notice of Right to Sue. The person can attach that Notice of Right to Sue to her federal lawsuit, to prove that she has met the requirement that she first go to the EEOC. The plaintiff did not indicate in her complaint whether she ever filed a claim with the EEOC, and if she received a Notice of Right to Sue, she did not attach it to her complaint.

The court will provide the plaintiff with an opportunity to amend her complaint, so that she can, if possible, (a) explain to the court whether she

5

thinks the defendants discriminated against her, and if so, explain what she thinks their reasons were for discriminating against her; and (b) if she has obtained a Notice of Right to Sue from the EEOC, attach that to her amended complaint. If the plaintiff can meet the requirements the court describes—if she can allege the necessary details, and attach a Notice of Right to Sue, if she has one—she must file her amended complaint on or before Friday, March 11, 2016. If the plaintiff files an amended complaint, the court will screen it. If the plaintiff does not file an amended complaint by March 11, 2016, the court will dismiss the case without prejudice, without further notice or hearing.

The court advises the plaintiff that the amended complaint must contain the case number assigned to this case and must be labeled "Amended Complaint." The amended complaint will supersede the original complaint, and must be complete in itself without reference to the original complaint. Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that when a plaintiff amends her complaint, the "prior [complaint] is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

**CONCLUSION**

The court **DENIES** the plaintiff's application for leave to proceed without paying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the full filing fee of $400 to the Clerk of Court for this district in two installments. The court **ORDERS** the plaintiff to pay $200 by **FRIDAY MARCH 18, 2016**. The court **ORDERS** the plaintiff to pay the remaining balance of

6

$200 by **FRIDAY APRIL 15, 2016.** If the plaintiff does not pay either of these installments by the dates provided above, the court will dismiss the case on the next business day without further notice or hearing, pursuant to Fed. R. Civ. P. 41(b) and Civ. L.R. 41(c).

The court further **ORDERS** that the clerk's office add to the docket as a defendant **Stacie Andritsch**.

The court also **ORDERS** that if the plaintiff is able to file an amended complaint and wishes to do so, the plaintiff must file that amended complaint on or before **FRIDAY MARCH 11, 2016.**

Dated in Milwaukee, Wisconsin this 12th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge